UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GURPREET S. PADDA, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:21-cv-00492-SEP |
| | ) |
| XAVIER BECERRA, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is a Renewed Motion for Preliminary Injunction by Plaintiffs Gurpreet S. Padda and the Interventional Center for Pain Management, P.C. Doc. [20]. The Motion is fully briefed and ready for disposition. For the reasons set forth below, the Motion is denied.

**I. BACKGROUND**

This case arises from a dispute between a healthcare provider and the Department of Health and Human Services (HHS) over the procedure for evaluating and collecting overpayments for services rendered to Medicare patients. Plaintiff Interventional Center for Pain Management, P.C., and its sole owner, Plaintiff Gurpreet S. Padda, bring this action against Xavier Becerra, in his official capacity as Secretary of HHS; Elizabeth Richter, in her official capacity as Acting Administrator for the Centers for Medicare and Medicaid Services; and the Wisconsin Physician Service Insurance Corporation. Doc. [1] ¶¶ 14-17.

The Complaint sets forth three causes of action: Count I asserts a violation of procedural due process, Count II asserts a violation of substantive due process, and Count III purports to be a "preservation of status of rights under the APA." Doc. [1] at 16-20. Initially, Plaintiffs sought to immediately restrain Defendants from collecting payments or withholding future remuneration to recoup alleged overpayments of $5.6 million. Doc. [3-1] at 2, 4. In response, Defendants argued that this Court lacked subject matter jurisdiction and that Plaintiffs had not met the standard for injunctive relief. The Court found that it had subject matter jurisdiction to consider the alleged due process violation but denied the temporary restraining order on the grounds that

Plaintiffs had not sufficiently demonstrated that they were likely to succeed on the merits of their due process claims or that they would suffer irreparable harm without an injunction.

Plaintiffs now move for a preliminary injunction, Doc. [20], attaching a new affidavit from Plaintiff Padda, Doc. [20-1]. Defendants renew their opposition and request again that this matter be dismissed for lack of subject matter jurisdiction. Doc. [24]. Both parties have referred to earlier briefing to support their positions, and the Court relies on those filings as appropriate.

## II. SUBJECT MATTER JURISDICTION

Defendants argue that the Court does not have jurisdiction because Plaintiffs have not exhausted the administrative process. Plaintiffs concede that fact but argue that the exhaustion requirement should be waived under *Mathews v. Eldridge*, 424 U.S. 319, 321 (1976), which exempts from the exhaustion requirement colorable constitutional claims that are collateral to the substantive claims under administrative review. On consideration of similar due process claims, the Fourth Circuit and Fifth Circuit Courts of Appeals both found subject matter jurisdiction. *See Family Rehab., Inc. v. Azar*, 886 F.3d 496, 504 (5th Cir. 2018) (applying *Mathews* factors); *Accident, Injury and Rehab., PC v. Azar*, 943 F.3d 195, 200-01 (4th Cir. 2019) ("exhaustion requirement is not jurisdictional" and is waived for collateral claims when exhaustion "would harm [plaintiffs] in a way that could not be recompensed"). In denying the temporary injunction, this Court followed *Family Rehabilitation*, finding jurisdiction over the procedural due process claim.[1] Doc. [19] at 5.

In response to the instant Motion, Defendants argue that this Court should reconsider its finding that exhaustion should be waived under *Mathews* because Plaintiffs' constitutional claims are not colorable.[2] Doc. [24] at 2 (citing *Anderson v. Sullivan*, 959 F.2d 690, 693 (8th Cir. 1992)). The Court disagrees. The Eighth Circuit has distinguished between claims that are "clearly meritless" and those that are "so patently frivolous as to fail to confer jurisdiction."

---

[1] The Complaint alleged federal question jurisdiction, 28 U.S.C. § 1331, and jurisdiction under the Mandamus Act, 28 U.S.C. § 1361, the All Writs Act, 28 U.S.C. § 1651, and the Administrative Procedure Act, 5 U.S.C. § 705. Doc. [1] ¶¶ 20, 24. In their motion to dismiss, Defendants challenged each alleged basis. Doc. [13] at 9-22. Plaintiffs' reply, Doc. [15], addressed only jurisdiction over the procedural due process claim, and Plaintiffs offer no supplemental arguments for jurisdiction in the instant Motion. Doc. [20]. Although the Court agrees with Plaintiffs that it has jurisdiction over the procedural due process claim, it finds no jurisdiction over any counts arising under any other basis.

[2] The Court declines to construe the motion as a motion to dismiss for failure to state a claim upon which relief can be granted because the issue is not adequately briefed.

*Boock v. Shalala*, 48 F.3d 348, 353 (8th Cir. 1995) (citing *Bell v. Hood*, 327 U.S. 678, 682-85 (1946)). In *Boock*, the government notified Boock that it denied his claim for disability benefits. *Id.* at 349. Boock contended that the notice was constitutionally deficient because it did not inform him that the decision would be final if not appealed. *Id.* at 352. The notice stated: "If you want this reconsideration, you *must* request it not later than 60 days." *Id.* The Eighth Circuit found that the claim was sufficiently colorable to confer jurisdiction, although it was clearly meritless. *Id.* at 353. Plaintiffs' procedural due process claim is likewise not "so patently frivolous as to fail to confer jurisdiction." *Id.*

The *Mathews* exemption does not support jurisdiction over all three counts, however. For a due process claim to be considered collateral to the substantive claims before the agency, it "must not require the court to 'immerse itself' in the substance of the underlying Medicare claim or demand a 'factual determination' as to the application of the Medicare Act." *Family Rehab.*, 886 F.3d at 501. Count II, Plaintiffs' substantive due process claim, challenges the expertise of the auditors, the auditors' failure to review supplemental information, the sample size relied upon to determine the overpayment, and the process of extrapolating from that sample size. Doc. [1] ¶ 80. Plaintiffs argued in their earlier motion for a temporary restraining order that they were entitled to injunctive relief for three reasons: (1) the underlying claims were medically necessary and properly documented; (2) an independent statistician identified errors in the calculation of overpayment, and (3) the extrapolation method is invalid. Doc. [3-1] at 11-12. Resolving those challenges would require the Court to go far beyond considering whether Plaintiffs have a right to a hearing before recoupment commences; the Court would have to "immerse itself" in the same claims proceeding in the administrative process and to make a "'factual determination' as to the application of the Medicare Act." *See Family Rehab.*, 886 F.3d at 501. Because Count II is not collateral, this Court has no jurisdiction until Plaintiffs have exhausted their administrative remedies.

Count III requests injunctive relief pursuant to the Administrative Procedure Act. Doc. [1] at 19-20. The APA does not independently grant subject matter jurisdiction. *Stanley v. Astrue*, 298 Fed. App'x 537, 541 (8th Cir. 2008) (citing *Califano v. Sanders*, 430 U.S. 99, 104-07 (1977)). Therefore, Count III is also dismissed for lack of jurisdiction.

### III. INJUNCTIVE RELIEF

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). For the Court to issue a preliminary injunction, the moving party must show four things: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on the parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Home Instead, Inc. v. Florance*, 721 F.3d 494, 497 (8th Cir. 2013) (quoting *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc)). The probability-of-success factor is the most significant. *Id.* Accordingly, as it did with respect to the motion for a temporary restraining order, the Court will begin its analysis with the third factor.

**A. Plaintiffs have not demonstrated that they are likely to succeed on the merits of their procedural due process claim.**

In the instant Motion, Plaintiffs summarize their due process claim as follows: "[N]otwithstanding any language in their opening brief to the contrary, Plaintiffs [sic] due process claim is based on CMS' failure to provide an ALJ hearing within 90 days, as required by federal law, while at the same time engaging in the self-help remedy of recoupment while they wade through the multi-year backlog." Doc. [20] at 2. "To demonstrate a procedural-due-process violation, [Plaintiffs] must show a deprivation of life, liberty, or property without sufficient process." *Hughes v. City of Cedar Rapids*, 840 F.3d 987, 994 (8th Cir. 2016) (citing *Clark v. Kan. City Mo. Sch. Dist.*, 375 F.3d 698, 701 (8th Cir. 2004)). The Court must balance three factors to determine what kind of process is due: "(1) the nature and weight of the private interest affected by the challenged official action; (2) the risk of an erroneous deprivation of such interest as a result of the summary procedures used; and (3) the governmental function involved and state interests served by such procedures, as well as the administrative and fiscal burdens, if any, that would result from the substitute procedures sought." *Booker v. City of St. Paul*, 762 F.3d 730, 734 (8th Cir. 2014) (quoting *Coleman v. Watt*, 40 F.3d 255, 260 (8th Cir. 1994)).

When reviewing the TRO request, the Court was not persuaded that Plaintiffs are likely to succeed on the merits of the procedural due process claim. Doc. [19] at 7. In reaching that conclusion, the Court, exercising its discretion, considered the argument presented for the first

time in Plaintiffs' Reply Brief in Support of Motion for a Temporary Restraining Order and Preliminary Injunction. *See* Doc. [15] at 8 (citing *Hospice Savannah, Inc. v. Burwell*, 2015 WL 8488432, *1-2 (S.D. Ga. Sept. 21, 2015)). Plaintiffs now urge the Court to reconsider their likelihood to succeed on the due process claim in light of two cases they cited without explanation in that Reply. Doc. [20] at 2. Neither case alters the Court's conclusion that Plaintiffs are not likely to succeed on the merits. *See Adams EMS, Inc. v. Azar*, 2018 WL 5264244 (S.D. Tex. Oct. 23, 2018) (preliminary injunction granted), *perm. injunction denied*, 2021 WL51729, at *2 (S.D. Tex. Jan. 6, 2021) (due process claim failed as a matter of law in light of *Sahara Health Care, Inc. v. Azar*, 975 F.3d 523, 533 (5th Cir. 2020)); *Family Rehab., Inc. v. Azar*, 2020 WL 230615 (N.D. Tex. Jan. 15, 2020) (permanent injunction granted before *Sahara* and appeal still pending).

The state of the law remains that the only two circuit courts to address the issue have both found that a plaintiff cannot claim a violation of due process when it forgoes the statutory escalation procedure and sues for injunctive relief. *Accident, Injury & Rehab., PC v. Azar*, 943 F.3d 195, 204-05 (4th Cir. 2019) ("[B]ecause the administrative process anticipates and accommodates potential delays in obtaining ALJ review, the due process validity of the process does not depend on the timeliness of an ALJ hearing."); *Sahara*, 975 F.3d at 534. The Court has already rejected Plaintiffs' earlier attempts, incorporated in the instant Motion by reference, to distinguish this case from those precedents. Therefore, the Court finds that Plaintiffs still have not demonstrated that they are likely to succeed on the merits of their due process claim.

### B. Plaintiffs have not made a clear showing that they will suffer irreparable harm in the absence of an injunction.

"In order to demonstrate irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Iowa Utils. Bd. v. F.C.C.*, 109 F.3d 418, 425 (8th Cir. 1996). Economic loss alone is not irreparable harm unless the injuries cannot be recovered. *See Chlorine Inst., Inc. v. Soo Line R.R.*, 792 F.3d 903, 915 (8th Cir. 2015) (quoting *Dish Network Serv., L.L.C. v. Laducer*, 725 F.3d 877, 882 (8th Cir. 2013)). Plaintiffs have failed to meet that high standard.

Instead of conducting discovery or collecting documentary evidence to prove irreparable harm, Plaintiffs submit a second declaration from Dr. Padda, Doc. [20-1], citing more recent data than his first. Doc. [20] at 1. Based on the more recent declaration, Plaintiffs derive roughly a

third of their gross revenue from services provided to Medicare patients. Doc. [20-1] at 2. Dr. Padda claims that recoupment through offsets against his future Medicare reimbursements would cause a significant reduction in workforce and in the practice's capacity to see patients, as well as "the potential for practice closure." *Id.* But Dr. Padda does not even assert, much less provide evidence, that recoupment by that method would irrevocably shut down Plaintiffs' operations.

Accepting all of Dr. Padda's assertions, Plaintiffs fail to show how those facts amount to irreparable harm. They state that "[f]orcing a business to lose 33% of earned revenue for at least 3-5 years or until ~$5.7M is recouped is to cause irreparable harm," Doc. [25] at 3, but that claim is entirely unsupported. And they nowhere argue that any of the anticipated financial injuries are unrecoverable. *See Chlorine Inst.*, 792 F.3d at 915. Therefore, they have not shown that they are likely to suffer irreparable harm in the absence of an injunction.

### C. The remaining factors do not mandate injunctive relief.

Plaintiffs provide no new argument on the remaining factors for injunctive relief. The Court therefore continues to regard them as inconclusive and certainly not sufficient to overcome Plaintiffs' low likelihood of success on the merits. *See* Doc. [19] at 8.

Plaintiffs still have not made "a clear showing" that they are entitled to the extraordinary remedy of injunctive relief. *Winter*, 555 U.S. at 22; *see also Se. Ark. Hosp., Inc. v. Sebelius*, 1 F. Supp. 3d 915, 926 (E.D. Ark. Feb. 20, 2014) (preliminary injunction denied where plaintiff's showing on other factors did not "overcome its failure to make the requisite threshold showing of likelihood of success on the merits"). Accordingly,

**IT IS HEREBY ORDERED** that the Renewed Motion for Preliminary Injunction is **DENIED**.

**IT IS FURTHER ORDERED** that Counts II and III are **DISMISSED**.

Dated this 16th day of July, 2021.

*Sarah E. Pitlyk*
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE